# EXHIBIT B



**ALABAMA SJIS CASE DETAIL**

**PREPARED FOR: JESSICA ATKINSON**

County: **02**   Case Number: **CV-2020-902491.00**   Court Action:

Style: **LILLIAN EASLEY V. WLCC II D/B/A ARROWHEAD ADVANCE**

`Real Time`

## Case

### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | **02-MOBILE** | Case Number: | **CV-2020-902491.00** | Judge: | **BBH:BRANDY B HAMBRIGHT** |
| Style: | **LILLIAN EASLEY V. WLCC II D/B/A ARROWHEAD ADVANCE** | | | | |
| Filed: | **12/16/2020** | Case Status: | **ACTIVE** | Case Type: | **BAD FAITH/FRAUD/MISR** |
| Trial Type: | **BENCH** | Track: | **FAST** | Appellate Case: | **0** |
| No of Plaintiffs: | **1** | No of Defendants: | **1** | | |

### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: | **0.00** | General Damages: | **0.00** |
| No Damages: | | Compensatory Damages: | **0.00** | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: | |
| Num of Trial days: | **0** | Num of Liens: | **0** | Judgment For: | |
| Dispositon Date of Appeal: | | Disposition Judge: | **:** | Disposition Type: | |
| Revised Judgement Date: | | Minstral: | | Appeal Date: | |
| Date Trial Began but No Verdict (TBNV1): | | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | | |

### Comments

Comment 1:

Comment 2:

### Appeal Information

| | | | | | |
|---|---|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: | |
| Appeal Status: | | Orgin Of Appeal: | | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: | |
| Disposition Date of Appeal: | | Disposition Type Of Appeal: | | | |

### Administrative Information

| | | | | | |
|---|---|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: | |
| Number of Subponeas: | | Last Update: | **12/16/2020** | Updated By: | **JOD** |

## Settings

### Settings

| | Date: | Que: | Time: | Description: |
|---|---|---|---|---|
| 4 | 09/10/2021 | 001 | 09:00 AM | READ - CERT TO BE FILED |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - EASLEY LILLIAN

## Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: | **EASLEY LILLIAN** | Type: | **I-INDIVIDUAL** |
| Index: | **D WLCC II D/B/** | Alt Name: | | Hardship: **No** | JID: **BBH** |
| Address 1: | **C/O KENNETH J. RIEMER** | | | Phone: **(251) 432-9212** | |
| Address 2: | **2153 AIRPORT BLVD** | | | | |
| City: | **MOBILE** | State: **AL** | | Zip: **36606-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: **F** | Race: |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | RIE003 | | RIEMER KENNETH JOSEPH | KJR@ALACONSUMERLAW.COM | (251) 432-9212 |
| Attorney 2 | UND008 | | UNDERWOOD EARL PRICE JR. | EPUNDERWOOD@ALALAW.COM | (251) 990-5558 |

## Party 2 - Defendant BUSINESS - WLCC II D/B/A ARROWHEAD ADVANCE

### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **D001-Defendant** | Name: | **WLCC II D/B/A ARROWHEAD ADVANCE** | Type: | **B-BUSINESS** |
| Index: | **C EASLEY LILLI** | Alt Name: **ARROWHEAD ADVANCE** | | Hardship: **No** | JID: **BBH** |
| Address 1: | **1 WAKPAMNI LAKE HOUSING** | | | Phone: **(205) 000-0000** | |
| Address 2: | | | | | |
| City: | **BATESLAND** | State: **SD** | | Zip: **57716-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: |

### Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: **12/16/2020** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: **12/30/2020** | Service Type **C-CERTIFIED MAIL** | Service On: | Served By: |



Answer:     Answer Type:     Notice of No Service:     Notice of No Answer:

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC | C001 | 000 | $6.85 | $6.85 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $14.72 | $14.72 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $315.00 | $315.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $381.57 | $381.57 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/16/2020 | CHGD DUE | CONV | 2021061 | 00 | $14.72 | C001 | | | N | | | BEL |
| 12/16/2020 | CREDIT | CONV | 2021061 | 5568930 | $14.72 | C001 | 000 | | N | | | BEL |
| 12/16/2020 | RECEIPT | AOCC | 2021061 | 5568920 | $6.85 | C001 | 000 | | N | | | BEL |
| 12/16/2020 | RECEIPT | CV05 | 2021061 | 5568940 | $315.00 | C001 | 000 | | N | | | BEL |
| 12/16/2020 | RECEIPT | VADM | 2021061 | 5568950 | $45.00 | C001 | 000 | | N | | | BEL |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 12/16/2020 | 10:52 AM | FILE | FILED THIS DATE: 12/16/2020        (AV01) | AJA |
| 12/16/2020 | 10:52 AM | EORD | E-ORDER FLAG SET TO "Y"        (AV01) | AJA |
| 12/16/2020 | 10:52 AM | ASSJ | ASSIGNED TO JUDGE: BRANDY B HAMBRIGHT        (AV01) | AJA |
| 12/16/2020 | 10:52 AM | SCAN | CASE SCANNED STATUS SET TO: N        (AV01) | AJA |
| 12/16/2020 | 10:52 AM | TDMN | BENCH/NON-JURY TRIAL REQUESTED        (AV01) | AJA |
| 12/16/2020 | 10:52 AM | ORIG | ORIGIN: INITIAL FILING        (AV01) | AJA |
| 12/16/2020 | 10:52 AM | STAT | CASE ASSIGNED STATUS OF: ACTIVE        (AV01) | AJA |
| 12/16/2020 | 10:52 AM | C001 | C001 PARTY ADDED: EASLEY LILLIAN        (AV02) | AJA |
| 12/16/2020 | 10:52 AM | C001 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 12/16/2020 | 10:52 AM | C001 | LISTED AS ATTORNEY FOR C001: RIEMER KENNETH JOSEP | AJA |
| 12/16/2020 | 10:52 AM | C001 | C001 E-ORDER FLAG SET TO "Y"        (AV02) | AJA |
| 12/16/2020 | 10:52 AM | D001 | D001 PARTY ADDED: WLCC II D/B/A ARROWHEAD ADVANCE | AJA |
| 12/16/2020 | 10:52 AM | D001 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 12/16/2020 | 10:52 AM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE        (AV02) | AJA |
| 12/16/2020 | 10:52 AM | D001 | CERTIFIED MAI ISSUED: 12/16/2020 TO D001        (AV02) | AJA |
| 12/16/2020 | 10:52 AM | D001 | D001 E-ORDER FLAG SET TO "Y"        (AV02) | AJA |
| 12/16/2020 | 10:54 AM | ECOMP | COMPLAINT E-FILED. | RIE003 |
| 12/16/2020 | 2:16 PM | TRAC | CASE ASSIGNED TO: FAST        TRACK        (AV01) | JOD |
| 12/16/2020 | 2:16 PM | DAT4 | FOR: CERT TO BE FILED ON 09/10/2021 @ 0900A (AV01) | JOD |
| 12/17/2020 | 8:56 AM | C001 | LISTED AS ATTORNEY FOR C001: UNDERWOOD EARL PRICE | AJA |

| 12/17/2020 | 8:58 AM | ENOTA | NOTICE OF APPEARANCE E-FILED | | UND008 |
| 12/30/2020 | 6:22 PM | ESERC | SERVICE OF CERTIFIED MAILING 12/30/2020 FOR D001 | | AJA |
| 12/30/2020 | 6:22 PM | ESERC | SERVICE RETURN - D001 - COMPLAINT | | |

## *Images*

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 12/16/2020 10:54:34 AM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 12/16/2020 10:54:35 AM | 2 | COMPLAINT | | 13 |
| 12/16/2020 10:55:21 AM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 12/16/2020 10:55:21 AM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 1 |
| 12/17/2020 8:58:06 AM | 5 | NOTICE OF APPEARANCE | Notice of Appearance - Earl P. Underwood, Jr. | 1 |
| 12/17/2020 8:58:11 AM | 6 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 12/30/2020 6:25:06 PM | 7 | SERVICE RETURN | SERVICE RETURN - D001 - COMPLAINT | 1 |
| 12/30/2020 6:25:10 PM | 8 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |

 **END OF THE REPORT**

ELECTRONICALLY FILED
12/16/2020 10:54 AM
02-CV-2020-902491.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>02<br><br>Date of Filing:<br>12/16/2020 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**LILLIAN EASLEY v. WLCC II D/B/A ARROWHEAD ADVANCE**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other      **First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☑ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
   Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
   Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER
            R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO      Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**      ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
RIE003

12/16/2020 10:54:48 AM
Date

/s/ KENNETH J RIEMER
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**      ☐ YES ☑ NO   ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☑ NO



DOCUMENT 2

ELECTRONICALLY FILED
12/16/2020 10:54 AM
02-CV-2020-902491.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT FOR MOBILE COUNTY, ALABAMA

LILLIAN EASLEY and all others )
similarly situated, )
)
)
Plaintiffs, )
) Case No.
)
vs. ) **JURY TRIAL DEMANDED**
)
WLCC II D/B/A )
ARROWHEAD ADVANCE; )
)
)
Defendant. )

## <u>COMPLAINT FOR INDIVIDUAL AND CLASS RELIEF</u>

Plaintiff brings this action for herself and on behalf of a class of similarly situated Alabama residents for injunctive relief and damages resulting from the lending practices of Defendant in violation of the Alabama Small Loans Act, Ala. Code Sections 5-18-1 through 23 (1975)("ASLA"). Plaintiff, for herself and on behalf of a class, seeks a declaration that the violating loans are void *ab initio* and seeks the recovery of all sums collected, received or retained by Defendant in connection with the violating loans. With respect to the loans to Plaintiff seeks confirmation of the attached arbitration award declaring those loans void *ab initio*, Plaintiff

## THE PARTIES

1.      The Plaintiff, Ms. Lillian Easley, is an adult resident of Mobile County, Alabama.

2.      WLCC II D/B/A Arrowhead Loans ("Arrowhead") is a corporate lending entity with its principal place of business in South Dakota.

3.     Arrowhead extends small loans (a/k/a "payday loans") to consumers throughout the United States, including in Alabama, through its internet lending business.  The interest rates typically range between 200% and 830% annually.  Arrowhead has never been licensed to extend such loans in Alabama.  Arrowhead extended loans to Plaintiff and members of the class with the knowledge that they resided in Alabama at the time the loans were extended and that they were executing the loan documents from Alabama.  These loans were also the product of Arrowhead's marketing practices which reach into the Alabama.  Arrowhead has purposefully availed itself of the privilege of conducting activities within Alabama and to the jurisdiction of its courts in resolving disputes related to those transactions.

## FACTS

### The Alabama Small Loans Act

4.     The Alabama Small Loans Act, Ala. Code Sections 5-18-1 through 23 (1975)("ASLA"), was originally enacted in 1959 in an attempt to address the "evils" created by an increased demand for small loans and the response by opportunistic lenders.  The legislature found that, as a result of those market forces, "borrowers of small sums are being exploited to the injury of the borrower, his dependents and the general public. Charges are generally exorbitant in relation to those necessary to the conduct of a legitimate small loan business, trickery and fraud are common and oppressive collection practices are prevalent." Ala. Code § 5-18-2(5).

5.     Central to the ASLA's regulatory scheme is its licensing requirement.  The ASLA prohibits any person from engaging "in business of lending in amounts of less than one thousand five hundred dollars ($1,500) and contract for, exact or receive, directly or indirectly, on or in connection with any such loan, any charges whether for interest, insurance, compensation,

2

consideration, or expense . . . without first having obtained a license from the supervisor." Ala. Code § 5-18-4.

6.      Having found "trickery and fraud" prevalent among small loan lenders (Section 5-18-2(5), the legislature specifically set out to block any attempt to circumvent the license requirement by extending the requirement "to any person who seeks to evade its application by any device, subterfuge, or pretense whatsoever including, ... arrangement or procurement of a loan through any use of activity of a third person, whether real or factitious." Ala. Code § 518-4(c).

7.      The legislature declared that extending these loans without a license is a crime, punishable by up to six months of imprisonment. Ala. Code § 518-4(d).  Moreover, any loan agreement covered by the Act and made by an unlicensed lender is null and void:  "Any contract of loan in the making or collection of which act shall have been done which violates this section (licensing requirement) shall be void, and the lender shall have no right to collect, receive, or retain any principle, interest or charges whatsoever." Ala. Code § 5-18-4(d).

8.      The ASLA also limits the amounts which can be charged in connection with small loans.  These limits are aimed to protect the borrower while at the same time allowing for a "rate of charge sufficiently high to permit a business profit." Ala. Code § 5-18-2(b).  To that end, the Act imposes maximum rates of interest in the amount of 24 percent for loans ranging from $201.00 to $1,500.00 and 36 percent for loans up to $200.00.  The Act requires licensees to refund the amounts extracted in excess of those limits, and renders it a crime to knowingly impose charges which violate the caps.  Ala. Code § 5-18-14(l).

**The Loans to Plaintiff**

9.      Defendant operates an on-line lending business through which it extends small loans to Alabama residents at extremely high rates. Defendant conducts on-line marketing aimed at attracting loan business from Alabama residents.

10.     Plaintiff responded to information on the internet regarding Defendant's loan program and, beginning on August 9, 2018, entered into a series of small loans with Defendant. There are a total of ten individual loans, the last of which was signed on November 26, 2019. Defendant entered into each of these loans with the knowledge that Plaintiff was an Alabama resident and that the loan documents were executed in Alabama.

11.     The loans were for varying amounts, ranging from $200.00 to $950.00. The interest rates on the loan also varied. The lowest rate charged was 596%. The highest was 650%. Among all ten loans, the average interest rate charged was 623%. The total amount borrowed through the ten loans was $5,250. The finance charge imposed on that $5,250 totals $14,529.02. The total amount of the payments due under the loan agreements is $19,779.02.

12.     Each of the loans was acquired through Defendant's online loan apparatus and all the actions by Ms. Easley to consummate the loans, including her acceptance of the offered loan terms, were made by her from within Alabama.

13.     Each of the loans is subject to the licensure requirement and were made with a citizen of Alabama located in Alabama. At no time during the relevant period was Arrowhead licensed through the Alabama Department of Banking.

14.     Each of the loan contracts is void *ab initio* in its entirety by operation of Section 5-18-4(d).

4

15.     Those loan contracts are also void *ab initio* in their entirety because the subject matter of the contracts (the making of a covered loan without a license) constitutes a crime, as defined by the ASLA, and the contracts were formed through the commission of a crime.

16.     Each of the loans is also void as against the public policy unambiguously expressed in the ASLA.

**Arrowhead's Lending Practices**

17.     It is a wide-spread practice among small loan or payday lenders to take various steps to evade the protections of state laws, including the ASLA, which cap legal rates of interest and other charges.  The Alabama legislature acknowledged the tendency of small loan lenders to engage in elaborate schemes to evade the protections of state law by specifically extending the small loan licensing requirement "to any person who seeks to evade its application by any device, subterfuge, or pretense whatsoever including, … arrangement or procurement of a loan through any use of activity of a third person, whether real or factitious." Ala. Code § 5-18-4(c).

18.     Nevertheless, online lenders continue to devise schemes to evade application of state law.  One such involves a lender's association with a Native American tribe whereby the lender "rents" the tribe's sovereign legal status and its general immunity from suit in an attempt to evade state laws.  These schemes are characterized by dispute resolution clauses and other provisions which are meant to ensure application of lender-friendly tribal laws and forums, at the exclusion of state laws which would otherwise apply.

19.     In recent years, these "rent-a-tribe" schemes have come under increasing scrutiny from regulators. One prominent perpetrator of a "rent-a-tribe" lending scheme was convicted and sentenced to 16 years in prison related to federal racketeering and truth-in-lending laws. https://www.reuters.com/article/us-usa-paydaylending-crime/race-car-driver-tucker-gets-more-

than-16-years-for-lending-scheme-idUSKBN1EU20L.' Courts have also criticized the practice. The Seventh Circuit Court of Appeals declared a Rent-A-Tribe agreement designed to impose tribal law as the exclusive applicable law to be a "sham from stem to stern."

20.     Arrowhead attempts to evade application of the ASLA to its loans to Alabama residents by use of a rent-a-tribe scheme through its claimed affiliation with the Wakpamni Lake Community and the Oglala Sioux Tribe. Arrowhead's attempt to evade application of the ALSA is obvious from language embedded in each of its loan agreements: "This agreement is governed by law of the Oglala Sioux Nation of the Pine Ridge Reservation, a federally recognized Indian Tribe and the Indian Commerce Clause of the United States Constitution. . . . Neither this Agreement nor the lender is subject to the laws of any state of the United States." The contract also sets out a mandatory dispute resolution process which prohibits the "application of any law other than the law of the Oglala Sioux Tribe."

21.     Upon information the lending operation associated with WLCCII and Arrowhead is controlled and/or funded by outside entities unaffiliated with any tribe.

22.     Defendant is not a tribe and is not an arm of any tribe. In any event, any sovereign immunity which might be otherwise enjoyed by the Defendant has been waived.

23.     All the substantive activities associated with the loans to Plaintiff and to the members of the Class occurred outside any tribal land, and those activities constitute commercial transactions made outside tribal lands.

24.     Each of the loans made to Plaintiff and to the members of the Class were formed in the State of Alabama.

25.     Each and every loan the Defendant made to the Plaintiff and members of the class contained an arbitration clause designating the American Arbitration Association ("AAA") as the

arbitral forum, through which Defendant consented to the adjudication of disputes arising from state law without respect to sovereign immunity.

**The Arbitration Proceeding and Award**

26.     On or about March 25, 2020 Plaintiff initiated an arbitration proceeding against Defendant before the American Arbitration Association ("AAA").  Plaintiff filed submitted a Statement of Claim alleging that the loan agreements extended by Defendant to Plaintiff, described below, violated Alabama law and were thus void *ab initio*.  Plaintiff sought a declaration that the said loans violated the ASLA and were void *ab initio*.

27.     Defendant answered the arbitral Statement of Claim.  Defendant participated, without reservation, in the arbitration proceeding and consented to the jurisdiction and authority of the arbitrator to fully and finally adjudicate the claim set out in the Statement of Claim.  The parties submitted evidence and argument to the arbitrator selected by the AAA and the claim was fully adjudicated.

28.     On October 8, 2020, the arbitrator rendered the final Arbitration Award, declaring each of the loan to be void *ab initio*.  (See Arbitration Award in AAA Arb. No. 01-20-0003-8154 (A copy is attached hereto as Exhibit 1).

29.     The Arbitration Award made the following findings:

   a.  That by embedding in its agreements a dispute resolution process by which it consents to the adjudication of disputes through arbitration awards to be entered in state or federal court, any sovereign immunity otherwise available was waived;

   b.  That the transactions involved off-reservation commercial activities as to which sovereign immunity does not apply; and

   c.  That because each of the loans was extended by Arrowhead without a license, the loan contracts are void in their entirety and *ab initio*.

7

30.    The Arbitration Award was a final adjudication of the claim stated in the Statement

of Claim and Defendant did not exercise its right to seek to vacate or appeal the Arbitration Award

provided under applicable law or the AAA Consumer Rules.

**The Class**

31.    Plaintiff asserts her claims individually and on behalf of the Class defined as

follows:

> All Alabama residents from whom Defendant collected, received or retained any
> sums in connection with any personal loan extended by Defendant in Alabama
> (wherein the actions taken by the borrower to accept the terms of the loan
> agreement were made from within Alabama) to such resident in any principal
> amount less than One Thousand Five Hundred Dollars ($1,500) and within the
> period beginning four years preceding the filing of this Complaint to the date that
> the class is certified.

32.    Excluded from the Class are: (1) individuals who already have settled a lawsuit,

claim, or obtained a judgment against Defendant arising from the wrongdoing complained of in

the Complaint or (2) Defendant, their officers, directors, and employees, or any affiliate of

Defendant, members of each of their immediate families and each of their legal representatives,

heirs, successors or assigns; (3) any entity in which Defendant have or had a controlling interest;

(4) all judicial officers in the United States; (5) the undersigned counsel and the members of their

immediate families.

33.    The Class is so numerous that joinder of each member of the class would be

impracticable.

34.    The claims of the Plaintiff are typical of the claims of the class. All claims of the

Plaintiff and class members depend on a showing that the Defendant engaged in a scheme to offer,

sell, and collect on small loans sold to residents of Alabama which violate the Alabama Small

Loan Act. There is no conflict between the individual named Plaintiff and other members of the Class with respect to this action or with respect to the claims for relief set forth in this Complaint.

35.     This action is maintainable as a class under Rule 23(b)(1) of the Alabama Rules of Civil Procedure as the facts will show a uniform pattern of conduct by the Defendant that will leave the Court with the task of answering the discreet legal question as to whether their conduct was and remains unlawful and in violation of the Alabama Small Loan Act. Given these questions presented to the Court, maintenance of separate actions against the Defendant would create a substantial risk that adjudication of an individual member of the class would be virtually dispositive of the interests of the other members of the class and substantially impede their ability to protect their interests.

36.     This action is maintainable under Rule 23(b)(2) if the Alabama Rules of Civil Procedure as the Defendant, through its actions as alleged herein, has acted or refused to act on grounds generally applicable to the Class, making declaratory relief appropriate to the class as a whole.

37.     The requirements of Rule 23(b)(3) are met by the following issues and facts of the case:

a.     There are common questions of law and fact involved with this action that affect the rights of each member of the Class, and the relief sought is common to the Class, namely:

1.     Whether the subject loans violated the ASLA;

2.     Whether the subject loans are void *ab initio*;

3.     Whether the Defendant must disgorge all sums has collected, received and retained collected in connection with the loans; and

4.     Whether the Defendant should be enjoined from continuing to offer loans in Alabama without a license.

9

    b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy because:

        1.    The Class Members have little interest in or ability to bring separate actions as their individual monetary losses are relatively small; and

        2.    It is desirable to concentrate all claims relating to the uniform business practice of the Defendant in one judicial forum.

38.    There are no foreseeable difficulties likely to be encountered in the management of this class action in that the Defendant have records indicating: (1) the number of Class Members; (2) the identities of the members of the Class.

39.    The Plaintiff will fairly and adequately represent the interests of the Class as the Plaintiff is a member of the Class, the Plaintiff's claims are typical of those in the Class, and there are no conflicts between the claims of the Plaintiff and the claims of other members of the Class.

40.    The attorneys for the Plaintiff are experienced and capable in litigation in the field of class actions and in the fields of consumer protection, debt collection, and credit reporting.

## Count I
### Violation of the Alabama Small Loan Act

41.    Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

42.    The ASLA prohibits any person from engaging "in business of lending in amounts of less than one thousand five hundred dollars ($1,500) and contract for, exact or receive, directly or indirectly, on or in connection with any such loan, any charges whether for interest, insurance, compensation, consideration, or expense . . . without first having obtained a license from the supervisor." Ala. Code § 5-18-4.

43.    The licensing requirement extends to "to any person who seeks to evade its application by any device, subterfuge, or pretense whatsoever including, ... arrangement or

10

procurement of a loan through any use of activity of a third person, whether real or factitious." Ala. Code § 518-4(c).

44.     Any loan covered by the ASLA which was made by an unlicensed lender is null and void *ab initio*. Ala. Code § 5-18-4(d).

45.     Any loan covered by the ASLA which allows for rates of charge in excess of the limits set forth in the ASLA is void *ab initio*. Ala. Code § 5-18-4(d).

46.     Each of the loans extended to Plaintiff was in an amount less than One Thousand Five Hundred Dollars ($1,500) and was subject to the prohibitions and requirements of the ASLA.

47.     Each of the loans extended to each member of the Class was in an amount less than One Thousand Five Hundred Dollars ($1,500) and was subject to the prohibitions and requirements of the ASLA.

48.     At no time prior to the consummation of the loans to Plaintiff or the members of the Class was Defendant duly licensed as required by the ASLA.

49.     Defendant has collected, received and retained principal and interest payments, as well as payments of other charges and fees, in connection with the loans to Plaintiff and to the member of the Class in violation of the ASLA.

50.     Defendant has violated the ASLA with respect to every loan extended to Plaintiff and each member of the Class.

WHEREFORE, Plaintiff, for herself and on behalf of the above-described Class demands judgment as to the following:

       a.    Declaring that each of the loan contracts entered into between Plaintiff and Defendant is void in its entirety *ab initio*;

       b.    Requiring that Defendant return to Plaintiff all sums collected, received or retained in connection with each loan extended to her;

c.      Awarding actual damages to Plaintiff;

d.      Certifying this action as a class action;

e.      Declaring that each of the loan contracts entered into between Plaintiff and each member of the Class is void in its entirety *ab initio*;

f.       Requiring that Defendant return to the Class all sums collected, received or retained in connection with each loan extended to the members of the Class;

g.      Awarding any appropriate additional damages to the class;

h.      Awarding attorney's fees and costs from the above-requested common fund awarded to the Class; and

i.      Awarding any other relief as the Court deems just and proper.

### Count II
### Confirmation of the Arbitration Award

51.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

52.     The Arbitration Award attached as Exhibit 1 was duly entered by a duly appointed arbitrator, and with the Defendant's participation, agreement and consent to the jurisdiction and authority of the arbitrator to finally and fully adjudicate the claim presented in the above-described Statement of Claim.

53.     Said award was rendered October 8, 2020 and was duly filed and served upon all parties that same day in accordance with the applicable AAA rules.

54.      This Court has jurisdiction and authority to confirm the Arbitration Award and enter final judgment on same.

WHEREFORE, Plaintiff respectfully requests that, pursuant to Rule 71C, *Alabama Rules of Civil Procedure*, this Court enter an order confirming the Arbitration Award and directing the

12

Clerk to promptly enter the Arbitration Award as final judgment as to the matters addressed

therein.

KENNETH J. RIEMER
EARL P. UNDERWOOD, JR.
UNDERWOOD & RIEMER, PC
Attorneys for Plaintiff
2153 Airport Boulevard
Mobile, AL 36606
Telephone: (251) 432-9212
Facsimile: (251) 990-0626
Email: kriemer@alalaw.com

Of Counsel for Plaintiff:
Steven P. Gregory
ASB-0737-R73S
GREGORY LAW FIRM, P.C.
2700 Corporate Drive
Suite 200
Birmingham, Alabama 35242
Telephone 205-799-0380
email: steve@gregorylawfirm.us

**PLAINTIFF REQUESTS TRIAL BY JURY AS TO EACH OF THE CLAIMS ASSERTED
HEREIN**.

KENNETH J. RIEMER

**PLEASE SERVE THE FOREGOING BY CERTIFIED MAIL AS FOLLOWS:**

WLCC II D/B/A Arrowhead Advance

1 Wakpamni Lake Housing

Batesland, SD 57716

Mark T. Dabertin, Esq
Richard J. Zack, Esq.
Pepper Hamilton, LLP
400 Berwyn Park
899 Cassatt Road
Berwyn, PA 19312-1183
Attorney for WLCC II D/B/A Arrowhead Advance

13



AlaFile E-Notice

02-CV-2020-902491.00

To:   KENNETH J RIEMER
      kjr@alaconsumerlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

LILLIAN EASLEY V. WLCC II D/B/A ARROWHEAD ADVANCE
02-CV-2020-902491.00

The following complaint was FILED on 12/16/2020 10:54:35 AM

Notice Date:      12/16/2020 10:54:35 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



**USPS CERTIFIED MAIL**



9214 8901 7301 4102 2000 1363 52

*CIRCUIT CIVIL DIVISION*
*205 GOVERNMENT STREET*
*MOBILE, AL, 36644*

**02-CV-2020-902491.00**

To:  WLCC II D/B/A ARROWHEAD ADVANCE
1 WAKPAMNI LAKE HOUSING
BATESLAND, SD 57716

---

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

**LILLIAN EASLEY V. WLCC II D/B/A ARROWHEAD ADVANCE**
**02-CV-2020-902491.00**

The following complaint was FILED on 12/16/2020 10:54:35 AM

Notice Date:      12/16/2020 10:54:35 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
charles.lewis@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>02-CV-2020-902491.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
## LILLIAN EASLEY V. WLCC II D/B/A ARROWHEAD ADVANCE

**NOTICE TO:** WLCC II D/B/A ARROWHEAD ADVANCE, 1 WAKPAMNI LAKE HOUSING, BATESLAND, SD 57716

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KENNETH J RIEMER ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2153 Airport Boulevard, Mobile, AL 36602 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of LILLIAN EASLEY pursuant to the Alabama Rules of the Civil Procedure.

| 12/16/2020 | /s/ JOJO SCHWARZAUER | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

*[Name(s)]*

☑ Certified Mail is hereby requested.  /s/ KENNETH J RIEMER

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)* — *(Name of County)*

Alabama on _____ .

*(Date)*

_____  _____  _____

*(Type of Process Server)*  *(Server's Signature)*  *(Address of Server)*

_____  _____

*(Server's Printed Name)*  *(Phone Number of Server)*

ELECTRONICALLY FILED
12/17/2020 8:58 AM
02-CV-2020-902491.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT FOR MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **LILLIAN EASLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.  02-CV-2020-902491** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WLCC II D/B/A ARROWHEAD ADVANCE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### NOTICE OF APPEARANCE

---

**COMES NOW** Earl P. Underwood, Jr. and hereby provides this **NOTICE** of his appearance as additional attorney of record for Plaintiff in the above-styled case.

Respectfully submitted this the 17th day of December, 2020.

*/s/ Earl P. Underwood, Jr.*
**Earl P. Underwood, Jr.**
**UNDERWOOD & RIEMER, P.C.**
**21 South Section Street**
**Fairhope, Alabama 36532**
**Phone: (251) 990-5558**
**Facsimile: (251) 990-0626**
**Email: epunderwood@alalaw.com**
*Attorney for Plaintiff Lillian Easley*

### CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2020 a copy of the foregoing was filed using the Alafile system, which will forward to all counsel of record.

*/s/ Earl P. Underwood, Jr.*
**Earl P. Underwood, Jr.**



AlaFile E-Notice

02-CV-2020-902491.00

To:   Earl P Underwood Jr
      epunderwood@gmail.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

LILLIAN EASLEY V. WLCC II D/B/A ARROWHEAD ADVANCE
02-CV-2020-902491.00

The following NOTICE OF APPEARANCE was FILED on 12/17/2020 8:58:06 AM

Notice Date:      12/17/2020 8:58:06 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2020-902491.00

To:  WLCC II D/B/A ARROWHEAD ADVANCE (PRO SE)
     1 WAKPAMNI LAKE HOUSING
     BATESLAND, SD, 57716-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

LILLIAN EASLEY V. WLCC II D/B/A ARROWHEAD ADVANCE
02-CV-2020-902491.00

The following NOTICE OF APPEARANCE was FILED on 12/17/2020 8:58:06 AM

Notice Date:      12/17/2020 8:58:06 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2020-902491.00

To: RIEMER KENNETH JOSEPH
kjr@alaconsumerlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

LILLIAN EASLEY V. WLCC II D/B/A ARROWHEAD ADVANCE
02-CV-2020-902491.00

The following NOTICE OF APPEARANCE was FILED on 12/17/2020 8:58:06 AM

Notice Date:     12/17/2020 8:58:06 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

**UNITED STATES POSTAL SERVICE**

December 30, 2020

Dear Circuit Clerk:

| UJS Information | |
| --- | --- |
| Case Number: 02-CV-2020-902491.00 | Intended Recipient: |
| Document Type: Complaint | WLCC II D/B/A ARROWHEAD ADVANCE  (D001) |
| Restricted Delivery Requested: No | 1 WAKPAMNI LAKE HOUSING |
| | BATESLAND, SD 57716 |

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4102 2000 1363 52**.

## Item Details

| | |
| --- | --- |
| **Status:** | Delivered |
| **Status Date / Time:** | December 30, 2020, 12:31 pm |
| **Location:** | BATESLAND, SD 57716 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Shipment Details

| | |
| --- | --- |
| **Weight:** | 4.0oz |

## Recipient Signature

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



AlaFile E-Notice

02-CV-2020-902491.00

Judge: BRANDY B HAMBRIGHT

To: RIEMER KENNETH JOSEPH
kjr@alaconsumerlaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

LILLIAN EASLEY V. WLCC II D/B/A ARROWHEAD ADVANCE
02-CV-2020-902491.00

The following matter was served on 12/30/2020

**D001 WLCC II D/B/A ARROWHEAD ADVANCE**
**Corresponding To**
CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2020-902491.00

Judge: BRANDY B HAMBRIGHT

To: UNDERWOOD EARL PRICE JR.
epunderwood@gmail.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

LILLIAN EASLEY V. WLCC II D/B/A ARROWHEAD ADVANCE
02-CV-2020-902491.00

The following matter was served on 12/30/2020

**D001 WLCC II D/B/A ARROWHEAD ADVANCE**
**Corresponding To**
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2020-902491.00

Judge: BRANDY B HAMBRIGHT

To:  WLCC II D/B/A ARROWHEAD ADVANCE (PRO SE)
1 WAKPAMNI LAKE HOUSING
BATESLAND, SD, 57716-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

LILLIAN EASLEY V. WLCC II D/B/A ARROWHEAD ADVANCE
02-CV-2020-902491.00

The following matter was served on 12/30/2020

**D001 WLCC II D/B/A ARROWHEAD ADVANCE**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov